IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JIMI P. MCDONALD,
    Plaintiff,

vs.                                Case No.: 3:19cv1816/RV/EMT

MICHAEL A. ADKINSON, JR., et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on Plaintiff's Motion for Preliminary Injunction (ECF No. 4). Plaintiff initiated this action by filing a civil rights complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 against officials at Walton County Jail where he is currently being held. Review of the complaint reveals that Plaintiff claims several violations of his constitutional rights at the jail, chief among them being that he has been classified as a high security inmate and placed into administrative confinement, which also reduces his rights or privileges at the jail, including access to the prison library or legal materials. In the instant motion for injunctive relief, Plaintiff states that he seeks to be released from administrative confinement into the general population and that he be allowed access to the law library so that he can have proper access to the courts.

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *See* Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994). The grant or denial of preliminary injunctive relief rests in the discretion of the district court. *See* Carillon Imp., Ltd. v. Frank Pesce Intern. Grp. Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citation omitted). The district court, however, must exercise its discretion in light of whether:

1. There is a substantial likelihood that Plaintiff will prevail on the merits;

2. There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

3. The threatened injury to Plaintiff outweighs the threatened harm an injunction will do to the defendant; and

4. The granting of the preliminary injunction will not disserve the public interest.

*See* CBS Broad., Inc. v. Echostar Communc'n Corp., 265 F.3d 1193, 1200 (11th Cir. 2001) (citation omitted); Carillon Imp., Ltd., 112 F.3d at 1126. "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." CBS Broad., Inc., 265 F.3d at 1200 (citation omitted). Because the purpose of preliminary

injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed, the relief sought in the motion must be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab., 72 F.3d 842, 842–43 (11th Cir. 1995).

Plaintiff's allegations do not provide a basis for granting injunctive relief. He provides only the broad, conclusory statements identified above in support of his motions. Plaintiff fails to identify the legal actions underpinning his need for access to the law library, or how his lack of access would affect the outcome of those legal actions. The interference with an inmate's access to the courts is a violation of a First Amendment right actionable under section 1983. Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977); Chandler v. Baird, 926 F.2d 1057 (11th Cir. 1991). However, as the Eleventh Circuit has noted, an inmate alleging a violation of his right of access must show an actual injury. Cline v. Tolliver, 434 F. App'x 823, 824 (11th Cir. 2011). *Id*. "In order to show actual injury, a plaintiff must provide evidence that

prison officials' actions impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action, such as the denial or dismissal of a direct criminal appeal, habeas petition, or civil rights case." *Id.* at 824–25.  There is no constitutional mandate "to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court."  Lewis, 518 U.S. at 354.  Assuming Plaintiff's access claim is directed toward the instant case, and considering that this case is only in its infancy, Plaintiff cannot demonstrate that the case has been negatively affected.  In fact, it appears from Plaintiff's filings he has been able to adequately present his claims to the court.

As for Plaintiff's claim of placement in administrative confinement, there is no constitutional right to a particular classification or confinement status at a prison or jail.  *See* Moody v. Daggett, 429 U.S. 78, 97 S. Ct. 274, 50 L. Ed. 2d 236 (1976); Hewitt v. Helms, 459 U.S. 460, 466, 103 S. Ct. 864, 869, 74 L. Ed. 2d 675 (1983); Anderson v. Chapman, 604 F. App'x 810, 813 (11th Cir. 2015); *see also* Rodgers v. Singletary, 142 F.3d 1252 (11th Cir. 1998) (dismissing inmate's claim that he was denied due process when he was wrongfully confined in administrative confinement for two months; inmate failed to show that he was deprived of a constitutionally protected liberty interest).

Especially at this early stage of the litigation, and because Plaintiff's claims are unsupported and conclusory, granting the injunction would require the federal courts to interfere in the administration of the jail and take over the management or treatment of a single inmate. Federal courts should normally be reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so. Procunier v. Martinez, 416 U.S. 396, 404–05, 94 S. Ct. 1800, 1807, 40 L. Ed. 2d 224 (1974), *overruled on other grounds,* Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989); Sandin v. Conner, 515 U.S. 472, 482, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); Newman v. Alabama, 683 F.2d 1312, 1320 (11th Cir. 1982). In light of all of the above, Plaintiff's request for injunctive relief should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's Motion for Preliminary Injunction (ECF No. 4) be **DENIED**.

At Pensacola, Florida, this 11th day of July 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**