UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JIMI P. MCDONALD,
    Plaintiff,

v.      Case No. 3:19cv1816/RV/EMT

MICHAEL A. ADKINSON, JR., et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Upon review of the complaint, the undersigned concludes the case should be dismissed as malicious for Plaintiff's abuse of the judicial process in failing to respond truthfully to questions on the complaint form regarding his litigation history.

Title 28 U.S.C. § 1915 mandates that the district court dismiss an in forma pauperis action if the court determines the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). On page 4 of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or

manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)" (ECF No. 1 at 5)? Where the complaint form asks for a "Yes" or "No" response, Plaintiff checked "No" and disclosed no cases (*id.*). Also on page 4 of the civil rights complaint form, Section IV(D), is the question: "Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed" (*id.*). Again, where the complaint form asks for a "Yes" or "No" response, Plaintiff checked "No" and disclosed no cases (*id.*).

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT**" (*id.* at 12). Thus, Plaintiff has in effect stated that at the time he signed and filed his complaint, he had initiated no other action regarding the fact or manner of his incarceration and never had a federal court action dismissed as frivolous, malicious, or for failing to state a claim.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. In light of § 1915(g), the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. *See* 28 U.S.C. § 1915(g) (providing that a prisoner who has had 3 or more cases or appeals dismissed on the grounds they are frivolous, malicious, or fail to state a claim upon which relief may be granted cannot proceed in forma pauperis in any future suit he files as a prisoner unless he is under imminent danger of serious physical injury). The information obtained from the disclosure requirements also helps the court evaluate whether the action is related to or should be considered in connection with another case, or whether a holding in another case affects the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court takes judicial notice that at the time Plaintiff filed his complaint in this case on June 27, 2019, he had initiated *at least* one other civil action that required disclosure: *McDonald v. White, et al.*, Case No. 1:11-cv-2006, Complaint, ECF No. 1 (N.D. Ill. Mar. 23, 2011); Written Opinion, ECF No. 5 (N.D. Ill. May 5, 2011)

(civil rights action dismissed as frivolous prior to service).[1]  It appears he initiated three additional cases that required disclosure: *McDonald v. Smith*, Case No. 2:15cv566-WED (E.D. Wis. May 11, 2015) (habeas corpus action); *McDonald v. Cecil, et al.*, Case No. 3:11cv357-NJR-DGW (S.D. Ill. Apr. 28, 2011) (civil rights action regarding conditions of confinement); and *McDonald v. Lovell, et al.*, Case No. 3:11cv762-SCW (S.D. Ill. Aug. 25, 2011) (civil rights action regarding conditions of confinement).  Plaintiff did not disclose any of these prior civil actions despite the complaint form's clear instruction that they be disclosed.

The court has the authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff falsely responded to questions on the complaint form, as detailed above.  Plaintiff knew from reading the complaint form that disclosure of the prior civil cases was required.  The complaint form expressly warns prisoners:

---

[1] **Error! Main Document Only.**McDonald has a very distinctive signature, and the signature on the Complaint in the instant case (*see* ECF No. 1 at 16) is the same as the signature of Plaintiff Jimi P. McDonald in the Illinois case.  *See McDonald v. White, et al.*, Case No. 1:11-cv-2006, Complaint, ECF No. 1 (N.D. Ill. Mar. 23, 2011).

Case No. 3:19cv1816/RV/EMT

"FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL" (ECF No. 1 at 4). If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. The court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *see also, e.g., Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier which had been dismissed prior to service for failure to state a claim).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See Dynes v. Army Air Force Exch. Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed

absent some plain prejudice other than the mere prospect of a second lawsuit. *See Kotzen v. Levine*, 678 F.2d 140 (11th Cir. 1982).[2]

Accordingly, it is respectfully **RECOMMENDED**:

1. That this action be **DISMISSED WITHOUT PREJUDICE** as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for Plaintiff's abuse of the judicial process.

2. That the clerk be directed to close the file.

At Pensacola, Florida this    day of November 2019.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  A copy of objections must be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[2] A dismissal without prejudice does not equate to a dismissal with prejudice due to a statute of limitations issue.  The statute of limitations for claims under § 1983 is four years.  *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (four-year statute of limitations for § 1983 claims for which Florida is the forum state).  McDonald states the alleged constitutional violations commenced in April of 2019 (*see* ECF No. 1 at 6).  He thus has more than adequate time to file another civil rights action.

Case No. 3:19cv1816/RV/EMT